RECEIVED
APR 27 2022
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JAMES CUNNINGHAM<br>CHANDA MCKEE<br>　　　　Plaintiff,<br><br>vs.<br><br>JUDGE MATTHEW THORNHILL<br>BRANDON T PITTENGER<br>PITTENGER LAW FIRM<br>JEFFERY T WEISMAN<br>WEISMAN LAW FIRM<br>JACK WU.<br>FEBRUARY PROPERTIES<br>CHAD MCIVER<br>JESSIE GOODFELLOW<br>THE3JACKS, LLC<br>JAMIE WALTERS<br>CONTENTIAL TITLE COMPANY .<br>　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>).<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>).<br>). | Case No:  4:22-cv-00480-MTS<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Right to amend<br>Request Jury Trial |

## QUIET TITLE/ DEED FRAUD COMPLAINT

COMES NOW the Plaintiffs, James Cunningham and Chanda McKee (hereinafter "Mr. Cunningham", "Ms. McKee", or collectively "Plaintiffs"), hereby file their Original Complaint against Defendants State Of Missouri ("State Of Missouri"), Judge Matthew Thornhill ( "Defendant Thornhill") Brandon T. Pittenger ("Defendant Pittenger"), Pittenger Law Group, LLC ("Defendant Pittenger Law"), Jeffrey T. Weisman ("Defendant Weisman"), The Weisman Law Firm, L.L.C. ("Defendant Weisman Law"), The3jacks LLC (Defendant "The3jJcks"), Jack Wu ("Defendant Wu"), Chad McIver ("Defendant McIver"), Jamie Walters ("Defendant Walters"), Jessie Goodfellow.

("Defendant Goodfellow"), and Continental Title Company ("Defendant Continental"), and for their causes of action, states and shows unto this Honorable Court as follows:

## PARTIES

1. Plaintiff James Cunningham is an individual and Missouri resident with a residential address of 1612 Brett Ridge Drive, O'Fallon, Missouri 63368. Plaintiff is the true owner of real property located in Missouri, with an address of 1612 Brett Ridge Drive, O'Fallon, Missouri 63368.

2. Plaintiff Chanda McKee is an individual and Missouri resident with a residential address of 1612 Brett Ridge Drive, O'Fallon, Missouri 63368. Plaintiff is the true owner of real property located in Missouri, with an address of 1612 Brett Ridge Drive, O'Fallon, Missouri 63368.

3. Defendant Matthew Thornhill is a is an individual and Missouri resident with a mailing address of 300 N. Second St. St. Charles, 63301.

4. Defendant Pittenger Law Group, LLC is a Missouri limited liability company with a principal place of business and mailing address of 6900 College Boulevard, Suite 325, Overland Park, Kansas 66211. Defendant Pittenger Law can be served with service of process through its registered agent, Brandon T. Pittenger, at 6900 College Boulevard, Suite 325, Overland Park, Kansas 66211. Defendant Pittenger Law, through Defendant Pittenger, partook in actions of the practice of law in the State of Missouri through Missouri Circuit Courts.

5. Defendant Jeffrey T. Weisman is an individual and Missouri resident with a residential address of 1504 Amisk Court, Chesterfield, MO 63017.

6. Defendant The Weisman Law Firm, L.L.C. is a Missouri limited liability company with a principal place of business and mailing address of 904 S. 4th Street, Suite#302 Saint Louis, Missouri 63102. Defendant Weisman Law can be served with service of process through its registered agent, Jeffrey T. Weisman, at 1504 Amisk Court, Chesterfield, MO 63017.

7. Defendant the3jacks LLC is a Missouri limited liability company with a principal place of business and mailing address of 1500 Heritage Manor Court, St. Charles, Missouri 63303. Defendant the3jacks may be served with service of process through its registered agent, Chad McIver, at 1500 Heritage Manor Court, St. Charles, Missouri 63303.

8. Defendant Jack Wu is an individual and Missouri resident with a residential address of 1110 Wilmas Court, Chesterfield, MO 63017.

9. Defendant February Properties a Missouri limited liability company. Defendant may be served with service of process through its registered agent Jack Wu principal place of business located at 1110 Wilmas Court, Chesterfield, MO 630

10. Defendant Chad McIver is an individual and Missouri resident with a residential address of 1500 Heritage Manor Court, Saint Charles, MO 63303.

11. Defendant Continental Title Company, is a Missouri limited liability company with a principal place of business located at 8455 College Blvd, Overland Park, KS.

## JURISDICTION AND VENUE

12. The Judiciary Act, though, Congress placed admiralty under the jurisdiction of the federal district courts.

13. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C 1331 which provides district courts with jurisdiction over civil action arising under the United States Constitution or laws of the Untied States.

14. This court has personal jurisdiction over the defendant's corporation because the corporation's principal place of business is in the United States.

15. A Venue is proper pursuant to 28 U.S.C. 1391(b) because the events giving rise to the allegations in this complaint occurred in this district.

16. Federal courts have jurisdiction over this case based on the following reasons: a. 42 USC 1983 civil rights claim is Constitutional dispute. b. The plaintiff filed a claim against the state court judge, whereby other state court judges would have a conflict of interest. c. The State is guilty of real estate deed fraud which is verified by the day-to-day process of registering homeowners' property deed in their office. d. The state is in control of the plaintiff's property deed where there is no law that forced the plaintiff to register her property. e. The state is paying the judge and providing a pension, 401-K, so other state court judges will have conflict to hear this case in this state court.

17. The state is the real party responsible for the foreclosure on the plaintiff's property using state-licensed sub-agencies to do the dirty work.

18. The amount of damage is over what the state court has jurisdiction to rule on. The defendants violated Federal laws.

19. The defendants violated the plaintiff's right to due process in the state court whereby is liable under 42 U.S.C. 1983 a federal civil rights statute.

20. There is no other court available for remedy.

21. Venue in this court is proper under 28 U.S.C. § 1391(b)(2) in that all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within the territory of Missouri, and specifically within the Eastern District of Missouri.

22. This court has subject matter jurisdiction over Plaintiffs state law causes of action as the claims arise out of the same nucleus of facts.

## FACTS

23. James Cunningham and Chanda McKee are the lawful fee simple absolute owners of 1612 Brett Ridge Drive O'Fallon MO 63368 as described in Bk 4482 Page 1803 of the St. Charles County Recorder's office. A certified true copy of General Warranty Deed is attached as

24. The Plaintiffs received a general warranty deed to the property, located at 1612 Brett Ridge Drive, O'Fallon, Missouri 63368 (the "Property"), on or about May 1, 2006.

25. On or about Nov. 30th, 2021, the Defendants unlawfully entered entered the Plaintiffs' property and stole Plaintiffs' personal property. .

26. On December 8, 2022, DefendantsTHe3Jacks filed a unlawful detainer lawsuits against Plaintiffs.

27. On January 10, 2022 Plaintiff James Cunningham had a default Judgment entered by Judge Matthew Thornhill.

28. January !0, 2002 after judge Thornhill entered default judgement against Mr. Cunningham, defendants filed a Deed of Trust from Pittenger Law Firm to February Properties on Plaintiffs property at the Recorder of deeds office.

29. January !9, 2022 defendants recorded a quit claim deed from February Properties to The3Jacks at the recorder of deeds office to Plaintiffs Property.

30. Defendants misled and deceived the court about the true owners of the property and the ability to transfer ownership of the property.

31. Defendants misled and deceived the court about their legal ability to effectuate a unlawful detainer and eviction of the Plaintiffs.

32. Defendants, acting wrongfully as debt collectors, made false representations to the Court, the State of Missouri, and the Federal government regarding the validity of Deed Of trust, which was used against the Plaintiffs to cloud title..

33. No Defendant in this instant action has a claim of right in the Property nor a power to dispose of the Property, which is rightfully owned by Plaintiffs James Cunningham and Chanda McKee.

34. Because of the inappropriate actions and misrepresentations of the Defendants, Plaintiffs have been severely economically damaged in an amount to be proven at trial.

35. At all times relevant hereto, Plaintiffs fully and properly performed all of their obligations due under the terms of the note.

36. Due to the inappropriate actions and misrepresentations made by Defendants, Plaintiffs have incurred attorney expenses, court costs, and other expenses related to protecting their rights in their rightfully owned property.

## COUNT I

## DECLARATORY JUDGMENT

Plaintiffs re-allege and incorporate herein the allegations contained in Paragraphs 1 through 37 of this Complaint as if set forth fully herein.

37. Plaintiffs are entitled to a declaratory judgment adjudging that:

    a. Plaintiffs never entered into a contractual relationship to provide transfer of Defendants Property.

    b. Defendants used deceptive mans in order to effective the cloud the title of the Property;

    c. Defendants used deceptive never possessed legal authority from Plaintiff's Warranty Deed to cloud title of Property;

    d. Defendants trespassed onto the Property of the Plaintiffs at all times relevant hereto;

    e. Defendants wrongfully converted Plaintiffs personal and real property;

    f. Plaintiffs are the true and rightful owners of the Property;

    g. Plaintiffs have been severely economically damaged due to the wrongful actions of the Defendants.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

38. Plaintiffs re-allege and incorporate herein the allegations contained in Paragraphs 1 through 39 of this Complaint as if set forth fully herein.

39. Defendants are "debt collectors" as defined in 15 U.S.C. § 1692(a)(6), and in doing the acts alleged, were attempting to collect alleged consumer debts.

40. Defendants violated, at a minimum, 15 U.S.C. § 1692(e) and (f), by making false or misleading representations in their unfair attempts to collect debts from Plaintiffs, by and among other things: misrepresenting to the state courts of Missouri and the Federal government that Defendants had authority to transfer ownership of the Property; that Defendants did not have the authority to engage in a Unlawful Detainer of Plaintiffs.

41. Defendants contacted Plaintiff's numerous times after 9m and on Weekends

42. As a result of Defendants' violations of the FDCPA, Plaintiffs have been severely harmed, and are entitled to injunctive relief, and to recover actual and statutory damages, attorneys' fees and costs pursuant to 15 U.S.C. § 1692(k).

## COUNT III

## DEED FRAUD

43. Plaintiffs re-allege and incorporate herein the allegations contained in Paragraphs 1 through 44 of this Complaint as if set forth fully herein.

44. Defendants, at all times during Plaintiffs' payments on the Property, negligently or intentionally misrepresented the validity of the note and the secured interest and lien holder rights over the note.

45. Upon information and belief, Defendants made false representations to the state of Missouri and Federal government in order to orchestrate an improper eviction and subsequent transfer of ownership of the Property.

46. These actions occurred through deceitful representations made to Missouri state court officials through Defendants' attorneys, including but not limited to Defendant Pittenger and Defendant Weisman.

47. The Plaintiffs and the government relied upon the various representations mentioned above, and as a result of Defendants' actions and/ or omissions, Plaintiffs have suffered severe economic damages, lost additional costs, attorneys' fees, and other damages.

48. As the direct and proximate result of the Defendants' misrepresentations and the stated obligations upon which representations the Plaintiffs and government reasonably relied, the Plaintiffs incurred severe economic damages, lost additional costs, attorneys' fees, and other damages for which they are entitled to receive compensatory and punitive damages in such amount as to be determined at trial.

## COUNT IV

## FRAUDULENT CONVERSION

49. Plaintiffs re-allege and incorporate herein the allegations contained in Paragraphs 1 through 50of this Complaint as if set forth fully herein.
50. At all times relevant, Defendants misrepresented and fraudulently gained improper access to Plaintiffs' property in order to effectuate the wrongful non-judicial foreclosure auction/sale.
51. Defendants wrongfully asserted control over the property and unsecured note and used this to thwart the court and defy Plaintiffs' right to ownership of the Property.
52. Defendants fraudulently recorded documents to recorder of deeds regarding Property directly for their own use and benefit without any proper right and through misrepresentation to the Plaintiffs, state of Missouri and Federal government.
53. Defendants defied the rights to Property ownership of the Plaintiffs, and therefore have caused the Plaintiffs severe economic damages, lost additional

costs, attorneys' fees, and other damages for which they are entitled to receive compensatory and punitive damages in such amount as to be determined at trial.

## COUNT V

### WRONGFUL CONVERSION

54. Plaintiffs re-allege and incorporate herein the allegations contained in Paragraphs 1 through 55 of this Complaint as if set forth fully herein.

55. Plaintiffs aver that the actions and/or omissions of the Defendants amount to a wrongful conversion of Plaintiffs' property and were used to improperly gain access to the Property for the Defendants own use and benefit, resulting in direct losses and consequential damages to the Plaintiffs.

56. The actions of the Defendants and each of them, jointly and severally, and acting in concert with each other, were intentional, malicious, and calculated to deceive and defraud, and as a result thereof, Plaintiffs are entitled to recover compensatory and punitive damages, attorneys' fees and costs in an amount to be determined at trial.

## COUNT VI

## QUIET TITLE

Plaintiffs re-allege and incorporate herein the allegations contained in Paragraphs 1 through 56 of this Complaint as if set forth fully herein.

57. At all times relevant hereto, Deed Of Trust and Quit Claim was void as Defendants had not rights to the Plaintiff's Property.

58. Therefore, since the Deed of Trust is void, Plaintiffs have standing to sue Defendants for Quiet Title.

59. The Defendants, through their improper actions and/or omissions, misrepresented and deceived Plaintiffs, the State of Missouri, and the Federal government regarding their rights to the Property and transfer of ownership of the Property.

60. Due to the actions and/or omissions of the Defendants, Plaintiffs have been prejudiced and economically harmed.

61. Due to the payments made by Plaintiffs at all times herein, Defendants had no rights to effectuate a unlawful detainer on the Property.

62. The actions of the Defendants and each of them, jointly and severally, and acting in concert with each other, were intentional, malicious, and calculated to deceive and defraud, and as a result thereof, Plaintiffs are entitled to recover compensatory and punitive damages, attorneys' fees and costs in an amount to be determined at trial.

## COUNT VII

## CIVIL CONSPIRACY

63. Plaintiffs re-allege and incorporate herein the allegations contained in Paragraphs 1 through 62 of this Complaint as if set forth fully herein.

64. At all times, the Defendants shared a common design between themselves in terms of such actions including, but not limited to, deceiving Plaintiffs, the state of Missouri and the Federal government, fraudulently misrepresenting the unlawful detainer and eviction, failing to provide proper notice of judicial and non-judicial actions, converting Plaintiffs' Property, converting Plaintiffs and other actions and/or omissions mentioned herein.

65. Defendants unlawfully committed these actions by failing to provide knowledge to Plaintiffs of such actions.

66. Defendants accomplished their overt acts, as mentioned above, by misrepresenting and/or hiding such actions from Plaintiffs until Plaintiffs themselves uncovered such wrongful and fraudulent actions of the Defendants.

67. Plaintiffs were injured by the actions and/or omissions of Defendants in that they suffered severe economic damages in the form of wrongfully converted real Property, loss of investment funds and payment funds into the Property, interest, banking and attorneys' fees, costs, expenses and other damages.

68. Due to such actions of common design among the Defendants, all Defendant members of the conspiracy are subject to liability as co-conspirators for any and all actions of any and all Defendant members.

69. The actions of the Defendants and each of them, jointly and severally, and acting in concert with each other, were intentional, malicious, and calculated to deceive and defraud, and as a result thereof, Plaintiffs are entitled to recover compensatory and punitive damages in an amount to be set by the jury.

## COUNT VIII

### TRESPASS

70. Plaintiffs re-allege and incorporate herein the allegations contained in Paragraphs 1 through 69 of this Complaint as if set forth fully herein.

71. Defendant Jack Wu has committed intentional acts and/or omissions by entering the Plaintiffs' property with no legal authority to enter on the Plaintiffs' property. This deliberate invasion of Plaintiff's' property constitutes an actionable trespass.

72. Defendants' trespass has caused and is causing damage to the Plaintiff in the form of real and personal property damage, economic loss, loss of quality of life, loss of property value, loss of business opportunity, aggravation and

## COUNT X

## DUE PROCESS VIOLATION

The judge has qualified immunity when he/she follows the constitution and the law. The Tucker Act exposes the government to liability for certain claims. Specifically, the Act extended the court's jurisdiction to include claims for liquidated or unliquidated damages arising from the Constitution (including takings claims under the Fifth Amendment), a federal statute or regulation, and claims in cases not arising in tort. The relevant text of the Act is codified in 28 U.S.C. §§ 1346(a) and 1491. The Tucker Act (March 3, 1887, ch. 359, 24 Stat. 505, 28 U.S.C. § 1491) is a federal statute of the United States by which the United States government has waived its sovereign immunity with respect to lawsuits pertaining to 5th Amendment violations of due process.

The Five Elements of "Due Process:

70. In assessing whether this demonstration has been or can be made, the courts look to the five elements, which, over the centuries of judicial experience, have come to be recognized as the sine qua non of "due process."

a. Equality: The system must not discriminate procedurally between parties. If one party is entitled to counsel, then all are entitled. If notice is provided one, it must be provided for all. The essential requirement for Equality is that the system provide a "level playing field" for the disputants. Discrimination in appearance or fact is an anathema to the Equality required to satisfy due process.

b. Economy: The cost of access to the system must not be a barrier to its use or operate to the disadvantage of one or the other parties. This means that grievance and arbitration

inconvenience, and the creation of conditions harmful to human health and the environment, for which the Defendants are liable in damages.

## COUNT IX

### TRESPASS TO CHATTEL

Plaintiffs re-allege and incorporate herein the allegations contained in Paragraphs 1 through 72 of this Complaint as if set forth fully herein.

73. Defendants Jack Wu, Chad McIver and Jesse Goodfellow committed intentional acts and/or omissions by entering the Plaintiffs' property with no legal authority to enter on the Plaintiffs' property and taking personal property including jewelry, music mixing equipment and other personal property. Defendants dispossessed the Plaintiffs of their valuable chattel, Defendants taking, dispossession and use of the personal property has negatively affected the condition, quality and value of said personal property, Plaintiffs have been deprived of the use of the chattel since the robbery on Nov. 30, 2021 and Defendant actions has caused harm to the valuable property of Plaintiffs.

74. Defendants' trespass to chattel has caused and is causing damage to the Plaintiff in the form of real and personal property damage, economic loss, loss of quality of life, loss of property value, loss of business opportunity, aggravation and inconvenience, and the creation of conditions harmful to human health and the environment, for which the Defendants are liable in damages.

proceedings should not be made a Board profit center and, in fact, may have to become subsidized to assure open access.

c. Expedition: As "justice delayed is frequently justice denied," there is an affirmative obligation on the part of the system to expedite ethics and arbitration proceedings. This does not foreclose orderly procedure with adequate time to ensure notice, time to prepare, opportunity to identify and gather witnesses, and otherwise develop facts and arguments. It does, however, foreclose dilatory tactics, unreasonable extension of time, and protraction of hearings.

d. Evidence: The system must be designed and function to elicit evidence, not assumptions; proof, not presumptions. While strict rules of evidence in the judicial sense do not apply, there must be control of what is admitted as relevant and judgment as to what is mere speculation and hearsay designed to prejudice rather than inform.

Equity: The system must produce decisions that reflect a sense and substance of "rightness" and "reasonableness." In matters involving unethical conduct, the punishment should fit the offense. The judgment should reflect consideration of extenuating circumstances and a balancing of competing values and objectives. Moreover, the predictability, consistency, and uniformity of the system's performance is an important measure of Equity.

Conspiracy: A federal criminal conspiracy is built up of five elements:

a. Two or more persons that;

b. Intentionally;

c. Agreed;

d. To violate federal law or defraud the United States; and commit an overt act in furtherance of the agreement.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray:

1. That a copy of this Complaint be severed upon Defendants and that Defendants be required to file their respective answer within twenty-one (21) days of the date of service thereof.

2. That the Court adjudge that the Defendants made fraudulent misrepresentations to the state of Missouri, the Federal government, and each government's respective courts, made misrepresentations to Plaintiffs in order to induce them into making high monthly payments, failed to make proper disclosure as required under the FDCPA, converted Plaintiffs' Property, unlawfully entered Plaintiff's Property, and caused severe economic damages to the Plaintiffs.

3. That Plaintiffs have and recover judgment from the Defendants fraudulent inducement, misrepresentation, conversation, violations of FDCPA, deed fraud, and other wrongful actions and/or omission of Defendants, performed under a conspiracy, and for attorney and collection fees and statutory interest not to exceed $5,000,000.00.

4. That the Plaintiffs have and recover from Defendants for punitive damages resulting from the Defendants' willful and intentional conduct and fraud in an amount to be determined by a jury not to exceed $10,000,000.00.

5. That the Plaintiffs be allowed to amend their *ad damnum*.

6. Plaintiffs reserve leave to amend this Complaint after further discovery of the facts;

7. That the Plaintiffs be awarded their lrgal fees, costs and expenses related to this matter.

8. That the Plaintiffs demand a trial by jury as allowed by law.

9. That Plaintiffs be awarded late fees/interest, costs, expenses, pre-judgment and post-judgment interest on all such amounts.

10. That the Plaintiffs be awarded such further and general relief to which they may be entitled.

RESPECTFULLY SUBMITTED this 25 day of April, 2022.

*/s/ James Cunningham*
James Cunningham
1612 Brett Ridge Drive
O'Fallon, Missouri 63368
Loosecannonentertainment@yahoo.com
314-704-4359

                                 Chanda McKee
                                 1612 Brett Ridge Drive
                                 O'Fallon, Missouri 63368
                                 Cmckee25@yahoo.com@yahoo.com

We acknowledge ourselves as sureties for the costs of this cause not to exceed One Thousand Dollars ($1,000.00).