UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES CUNNINGHAM, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:22-cv-00480-MTS |
| ) | |
| JUDGE MATTHEW THORNHILL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff Chanda McKee's Motion for Temporary Restraining Order, Doc. [5].

Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

A jury trial was held previously on the unlawful detainer action brought by The3Jacks in the Circuit Court, Associate Circuit Division, of St. Charles County against Chanda McKee on April 27, 2022. *See The3Jacks, LLC v. Cunningham, et al.*, No. 2111-AC06657 (11th Jud. Cir., St. Charles County Court). The jury found in favor of The3Jacks and assessed damages for The3Jacks for total rents and profits, $15,000, and the value of the monthly rents $3,000.

On May 26, 2022, Associate Circuit Court Judge, the Honorable Matthew E.P. Thornhill, entered a judgment finding that The3Jacks can "recover from Defendant McKee the

sum of $36,000, double the sum assessed by the jury ($15,000.00) and also at the rate of $6,000, double the sum found per month ($3,000), for rents and profits, from the 1st day of December, 2021, until the date of this judgment. The Court orders that Defendant McKee continue to pay $6,000 per month until restitution of the premises is made to Plaintiff The3Jacks, beginning 1 June 2022."

On that same date, Petitioner filed a notice of appeal. Judge Thornhill entered an order requiring Petitioner to post an appeal bond of $72,000 to stay execution of the judgment, and that "without a bond [The3Jacks], may execute on 6 June, 2022." On June 6, 2022, in fact, The3Jacks moved to execute on the judgment and remove Petitioner from the premises. However, Petitioner moved for an emergency stay in the Missouri Court of Appeals contending that the bond was an unreasonable amount and asserting that the parties were willing to post $3,000 for an appeal bond. *See The3Jack's v. Cunningham, et al.*, No. ED110635 (Mo. Ct. App. 2022). On June 6, 2022, the Court of Appeals granted the motion for stay in part, ordering that the execution of judgment for restitution was temporarily stayed while the issue concerning the amount of the appeal bond was determined.

To decide whether to issue a temporary restraining order in this case, the Court must weigh the following factors: (1) the movant's probability or likelihood of success on the merits, (2) the threat of irreparable harm or injury to the movant absent the injunction, (3) the balance between the harm to the movant and the harm that the injunction's issuance would inflict on other interested parties, and (4) the public interest. *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). Here, Plaintiff has plainly failed to demonstrate a temporary restraining order is appropriate here.

First, Plaintiff failed to provide any analysis whatsoever demonstrating that any of her harm would be irreparable—that is, that she would have no remedy at law. *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). But a party moving for a temporary restraining order is required to show the threat of irreparable harm. *See Baker Elec. Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994). Because Plaintiff has not shown how or why any of her injuries could not be fully compensated through an award of damages, her Motion must fail. *See Bandag, Inc. v. Jack's Tire & Oil, Inc.*, 190 F.3d 924, 926 (8th Cir. 1999) (explaining the basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies).

Second, Plaintiff has not explained how she has even a fair chance of success on the merits. Plaintiff's Complaint purports to assert eleven claims, Doc. [1], but nowhere in the Motion for Temporary Restraining Order does Plaintiff indicate how, or even on which claims, she has a likelihood of success. This failure especially dooms her instant Motion because multiple claims in the Complaint appear frivolous at best. Therefore, even if Plaintiff established any harm would be irreparable—which she has not done—a temporary restraining order would not be proper here because she has not in any way shown a likelihood of success on the merits.[1]

Accordingly, even assuming the Court has subject matter jurisdiction here and should abstain from this issue,[2] Plaintiff has failed to meet her burden of establishing the propriety of a temporary restraining order.

---

[1] It is no wonder that Plaintiff failed to analyze this factor or demonstrate any irreparable harm because she failed to follow the Local Rule that required her to file a memorandum in support of her motion. *See* E.D. Mo. L.R. 4.01(A). With no memorandum in support of her motion, it is quite difficult to establish the propriety of a temporary restraining order.

[2] *See, e.g.*, *Progressive Preferred Ins. Co. v. Reagor*, 189 F. Supp. 3d 850, 855 (D. Minn. 2016) (explaining that when a federal court is presented with a declaratory judgment lawsuit while a parallel state court action is pending, the court may either decline to exercise jurisdiction and dismiss the case, or the court may stay the federal proceeding until the state court action has been resolved); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987).

**IT IS HEREBY ORDERED** that Plaintiff Chanda McKee's Motion for Temporary Restraining Order, Doc. [5], is **DENIED**.

Dated this 14th day of June, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE